IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>JENNIFER CONWAY,<br><br>Defendant. | Case No. 22-cr-00037-DKW<br><br>**ORDER DENYING DEFENDANT'S MOTION TO CORRECT SENTENCE BASED ON RETROACTIVE CRIMINAL HISTORY CATEGORY OF UNITED STATES SENTENCING GUIDELINES ("USSG") SECTION 1B1.10** |

On January 26, 2024, Defendant Jennifer Conway, proceeding *pro se*, filed a motion pursuant to 18 U.S.C. § 3582(c)(2) to reduce her sentence by 18 months based upon Amendment 821 to the United States Sentencing Guidelines. Dkt. No. 58. Amendment 821, effective as of November 2023, applies, *inter alia*, to limit the "status points" that a defendant might receive at sentencing if she committed the instant offense while under an existing criminal justice sentence. Here, review of Conway's Presentence Investigation Report ("PSR") reveals that she did not receive *any* status points when sentenced in May 2023. Accordingly, Amendment 821 is inapplicable to Conway, and her motion is DENIED.

## DISCUSSION

Conway claims that she is entitled to an 18-month reduction in her sentence due to the "passage of USSG 1B1.13 criminal history amendments relating to 'status points'" because she is "a status point offender." Dkt. No. 58. Pursuant to

18 U.S.C. § 3582(c)(2), the Court may reduce a term of imprisonment if, *inter alia*, it was based upon a sentencing range that is subsequently lowered by an amendment to the Sentencing Guidelines.[1]  Among other things, Amendment 821, which became effective on November 1, 2023, modifies Section 4A1.1(e) of the Sentencing Guidelines to limit "status points"—that is, points added to the defendant's criminal history calculation if she committed the instant offense while under "probation, parole, supervised release, imprisonment, work release, or escape status."  *See* U.S.S.G. amend. 821, pt. A; U.S.S.G. § 4A1.1(e) (2023). Specifically, under the new Sentencing Guidelines, status points are limited to one point for offenders with seven or more criminal history points, and are eliminated altogether for offenders with six or fewer criminal history points.  *See id.*

Here, review of Conway's PSR[2] reveals that she did not receive any status points for committing the instant offense while under any criminal justice sentence. *See generally* Dkt. No. 52.  Rather, her criminal history score of 3 was based entirely on her prior convictions for obtaining or attempting to obtain a controlled substance by fraud, deceit, or misrepresentation and for non-felony forgery.  *Id.* at ¶¶ 62, 64, 67.  As such, the change to the Sentencing Guidelines reflected in

---

[1] In doing so, the Court must consider any applicable policy statements issued by the Sentencing Commission and any applicable factors set forth in 18 U.S.C. § 3553(a).  18 U.S.C. § 3582(c)(2). Here, as the Court does not find that Amendment 821 is applicable to Conway, it is unnecessary to address whether any sentence reduction would be consistent with the same.

[2] The Court adopted the PSR without change at Conway's sentencing.  Dkt. No. 55.

Amendment 821 is inapplicable to Conway.  Her motion to modify her sentence pursuant to Section 3582(c)(2), Dkt. No. 58, is therefore DENIED.[3]

## CONCLUSION

For the reasons set forth herein, Conway's Motion to Correct Sentence Based on Retroactive Criminal History Category of United States Sentencing Guidelines ("USSG") Section 1B1.10, Dkt. No. 58, is DENIED.

IT IS SO ORDERED.

DATED: February 26, 2024 at Honolulu, Hawai'i.



Derrick K. Watson
Chief United States District Judge

*United States of America v. Jennifer Conway*; Cr. 22-00037 DKW; **ORDER DENYING DEFENDANT'S MOTION TO CORRECT SENTENCE BASED ON RETROACTIVE CRIMINAL HISTORY CATEGORY OF UNITED STATES SENTENCING GUIDELINES ("USSG") SECTION 1B1.10**

---

[3]The Court notes that this Order is entered on the deadline for the filing of Conway's reply brief, *see* Dkt. No. 59, and prior to the filing of the same.  As Amendment 821 is clearly inapplicable to Conway's sentence, her reply brief is unnecessary to the Court's adjudication of her motion.